under ordinary bodily activities. In other words, the Workmen's Compensation Law does not undertake to go beyond providing compensation for the accidents growing out of occupations which are in and of themselves specially subject to accidents involving "extraordinary risks to the life and limb of workmen engaged therein;" accidents in the ordinary acceptation of that word, the fortuitous and unforeseen bruising and maiming of persons engaged in the enterprises covered by the act. To say that a man engaged in carrying paper to a press, following out the usual practice of years, neither slipping, straining, falling, bumping, or in any manner realizing that anything has occurred different from his every-day experiences, has been injured in an accident, merely because he felt some pain at various times during the day in his abdominal region, and particularly when he was in the act of lifting one of the ordinary parcels, is an abuse of language. He might have had the same experiences if he had merely had cramps, as he describes his condition during the day. This is what he thought he had. It never occurred to him that he had had an accident; he does not now pretend that there was anything in the nature of an accident in the common understanding of that word. The evidence does not support the conclusion of fact, and the award should be set aside and the claim dismissed. Sewell, J., concurred.

----

ROBERT L. ANDREWS, Appellant, v. THE COLUMBIA TELEPHONE COMPANY OF HUDSON, NEW YORK, Respondent.— Order unanimously affirmed, with ten dollars costs and disbursements.

ISIDOR BUXBAUM, as Administrator, etc., of ANNA LOUISE KROLL, Deceased, Respondent, v. HENRY PAULSEN, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide the event, on the ground that the verdict is excessive, unless the plaintiff stipulates to reduce the verdict to $1,500, in which event the judgment is modified accordingly, and as so modified, judgment and order unanimously affirmed, without costs.

EDGAR T. BRACKETT, Respondent, v. LIDA M. FLEITMANN, Appellant.— Judgment unanimously affirmed, with costs.

STEPHAN L. BARHYDT, Respondent, v. FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs.

JOSEPH E. BEEBE, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant.— Judgment and order reversed and new trial granted, with costs to the appellant to abide the event, on the ground that the damages are excessive, unless the plaintiff stipulates to reduce the verdict to $1,500, in which event the judgment is modified accordingly, and as so modified, judgment and order unanimously affirmed, without costs.

MARGARET J. CALLAGHY, Administratrix, etc., of MARGARET J. CALLAGHY, Deceased, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY and TROY UNION RAILROAD COMPANY, Appellants.— Judgment and order reversed and new trial granted, with costs to the appellants to abide the event, on the ground that the verdict is excessive, unless the plaintiff stipu-